IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No.: **21-cr-00286-BAH** |
| | : | |
| GRADY DOUGLAS OWENS, and JASON DOUGLAS OWENS, | : | |
| Defendants. | | |

**MOTION IN LIMINE TO PRECLUDE CLAIM OF SELF-DEFENSE**

The United States of America respectfully moves in limine to preclude the defendant from raising a claim of self-defense. The available facts, as a matter of law, do not support a claim of self-defense because they show that the defendant violently assaulted a law-enforcement within the course of the officer's official duties while responding to an active crime scene. In the alternative, the government requests that the defendant provide a pre-trial proffer of facts to allow the parties to argue, and the Court to decide, whether the defendant is entitled as a matter of law to assert self-defense.

**INTRODUCTION**

In Count One of the indictment, Grady Owens is charged with one count of civil disorder, in violation of 18 U.S.C. 231(a)(3), and in Count Two, Grady Owens is charged with assaulting, resisting, resisting, opposing, impeding, intimidating, or interfering with a federal officer, while using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b). Both charges involve defendant's assault and physical attack on Metropolitan Police Department Officer C.B.

At trial, the government will present video evidence, still-frame images, and testimony which shows defendant Grady Owens assault and strike Metropolitan Police Department

Officer C.B. with a skateboard on January 6, 2021. The evidence shows that Officer C.B., and thirty-two fellow MPD officers, were called in to support U.S. Capitol police after a large crowd forced its way past temporary and permanent barricades to the exterior of the Capitol began to force its way into the building. Specifically, C.B. and his fellow officers responded to an active breach at the lower west terrace tunnel of the Capitol. The officers, including C.B., were dressed in uniform and gear that clearly identified him as a law enforcement officer. MPD and C.B. navigated through the crowd gathered on the West lawn in a single-file fashion and were met with load threats and insults. Defendant and his father were in this crowd. As C.B.'s group made their way to the breach, officers necessarily pushed members of the crowd to clear their way. Numerous officers had already made it past Defendant when Officer C.B. arrived at the location. C.B. pushed someone into Defendant's back and grabbed Defendant's arm. Defendant then targeted and violently attacked Officer C.B. Defendant Grady Owens raised a skateboard above his head and hit Officer C.B. with it. The following images depict the defendant's contact with and assault of C.B.:



## ARGUMENT

Section 111 makes it a crime to "forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with" a federal officer in the performance of the officer's duties. 18 U.S.C. § 111(a)(1). A defendant charged under Section 111 may assert, as an affirmative defense, a theory of self-defense, "which justifies the use of a reasonable amount of force against an adversary when a person reasonably believes that he is in immediate danger of unlawful bodily harm from his adversary and that the use of such force is necessary to avoid this danger." *United States v. Middleton,* 690 F.2d 820, 826 (11th Cir. 1982).

This defense, however, contains two important limitations. First, Congress enacted Section 111 "to protect both federal officers and federal functions." *United States v. Feola*, 420 U.S. 671, 679 (1975). As a result, "[a]n individual is not justified in using force for the purpose of resisting arrest or other performance of duty by a law enforcement officer within the scope of his official duties." *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011); *see also United States v. Branch*, 91 F.3d 699, 714 (5th Cir. 1996) ("[Self-defense] principles must accommodate a citizen's duty to accede to lawful government power and the special protection due federal officials discharging official duties."). Second, even in circumstance where an individual might be justified in using some force to resist a federal officer, that resistance must be reasonable under the circumstances. *See Abrams v. United States*, 237 F.2d 42, 43 (D.C. Cir. 1956) (observing that "the use of 'reasonable force' only would have been open to defendants"); *see also United States v. Wallace,* 368 F.2d 537, 538 (4th Cir. 1966) (explaining that Section 111 permits "reasonable force employed in a justifiable belief that it is exerted in self-defense"); *United States v. Perkins*, 488 F.2d 652, 655 (1st Cir. 1973) (defendant may be convicted under Section 111 where "he used more force than was necessary to protect the person or property of himself or others").

Both limitations apply here. The proffered video evidence shows that the defendant had illegally entered a restricted area of the U.S. Capitol and was a part of a larger crowd that was creating a major security and safety risk. Defendant was therefore subject to direction of officers and even arrest. The video further shows that C.B. reasonably used force while in the performance of his duty. Officers were making their way through the large, dense crowd to expeditiously respond to an active breach of the Capitol. The defendant was one of many being moved out of MPD's way. At no point did C.B. use excessive force. *Cf. Drapeau*, 644 F.3d 646, 653-654 ("[A]n individual may be justified in using force to resist excessive force used by a law enforcement officer."). Because the video evidence displays a lawful effort by the officer to redirect the defendant, the defendant was not justified in using any force to respond. He cannot therefore argue self-defense.

Moreover, even if the defendant had the right to respond in some fashion, the proffered video evidence shows that the defendant escalated the encounter into a violent attack on the victim-officer. *See Waters v. Lockett* 896 F.3d 559, 570 (D.C. Cir. 2018) (self-defense not applicable "if [the defendant] and his co-conspirators used excessive force to repel Hargrove's attack"). In particular, the defendant raised a deadly and dangerous weapon above his head and brought it down with great force on the office. This quantum of force was unreasonable and, accordingly, disqualifies the defendant from claiming self-defense. Especially considering the fact Defendant then continued to engage in acts of violence with his father for more than an hour after the attack on Officer C.B. Defendants proceeded to the East Rotunda doors where they joined a crowd that was pushing and impeding officers at the Capitol threshold. Here, Defendant Grady Owens appears to have, again, swung his skateboard at a uniformed officer.

## CONCLUSION

For these reasons, the United States respectfully moves the Court to preclude the defendant from raising a claim of self-defense or, in the alternative, require the defendant to make a pre-trial proffer of facts that would permit the Court to decide whether he is entitled as a matter of law to assert self-defense

          Respectfully submitted,

          MATTHEW M. GRAVES
          United States Attorney

By:

          _____/s/_____
          REBEKAH LEDERER
          Assistant United States Attorney
          Pennsylvania Bar No.
          Capitol Riot Detailee
          rlederer@usa.doj.gov
          (202)252-7012

          _____/s/_____
          CHRISTOPHER BRUNWIN
          Assistant United States Attorney
          California Bar No. 158939
          Capitol Riot Detailee
          christopher.brunwin@usdoj.gov
          (213)894-4242

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I caused a copy of the foregoing motion to be served on counsel of record via electronic filing.

/s/
REBEKAH LEDERER
Assistant United States Attorney
Pennsylvania Bar No.
Capitol Riot Detailee
rlederer@usa.doj.gov
(202)252-7012

/s/
CHRISTOPHER BRUNWIN
Assistant United States Attorney
California Bar No. 158939
Capitol Riot Detailee
christopher.brunwin@usdoj.gov
(213)894-4242